PARROTT (TIBBS v.). See Cases Nos. 14,022 and 14,023.

PARROTT (TREADWELL v.). See Case No. 14,158.

PARROTT (UNITED STATES v.). See Cases Nos. 15,998 and 15,999.

PARRY (BOLLMANS v.). See Case No. 1,612.

## Case No. 10,774.

### Ex parte PARSONS.

[1 Hughes (1877) 282.] [1]

### Circuit Court, E. D. South Carolina.

MUNICIPAL CORPORATIONS — POWER TO CREATE DEBT BY BOND—TAXATION—SPECIAL LEVY—MANDAMUS.

1. Where a municipal corporation is empowered by law to create a debt by bond, that power carries with it the authority and obligation to levy sufficient taxes to fulfil its contract with its creditor.

[Cited in Avery v. Job (Or.) 36 Pac. 295.]

2. Where such tax has not been levied sufficient to meet the debt due to a particular creditor by general levy, it is the duty of the corporation to make a special levy for that purpose or add the required amount to the general levy.

3. A court of justice may, by mandamus, compel such a special levy where no general levy has provided revenues sufficient to meet the debt, and a circuit court of the United States may enforce a judgment which it has rendered upon a contract of this character by such a mandamus.

[This was an application by Charles Parsons, Jr., for a writ of mandamus.]

Before WAITE, Circuit Justice, and BOND, Circuit Judge.

WAITE, Circuit Justice. The relator recovered a judgment in this court, November 19th, 1874, against the city of Charleston, upon certain overdue certificates of stock or bonds of the city, issued under the general powers of its charter, but without any special requirement or undertaking, either in the charter, ordinances, or certificates, for the levy of a tax to provide the means of payment. Execution has been issued upon the judgment, to which the marshal returned "that he could find no property subject to said judgment and execution, except such as is in public use." Payment of the judgment has been demanded of the city and refused. The city council has also been requested to "levy a tax and provide for the collection of the same, to be applied to the payment of said judgment, principal, interest, and costs," and this, too, has been refused. The city has no property subject to execution. This is an application for a writ of mandamus requiring the city "to provide for the payment of the aforesaid judgment by enacting an ordinance for the levying and collect-

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

ing of a special tax to be paid out and applied" for that purpose. The defence is, in substance, that it is not the duty of the city to make such a levy, because no special provision for such a tax entered into the contract upon which the judgment is predicated, and there is no power in the city to make the levy. The only question, therefore, presented for our consideration is whether such a mandamus can issue without a provision for a specific tax for the payment of the debt, either in the contract or in some statute of the state or ordinance of the city. The authority of the city to issue the stock and become obligated for its payment was conclusively settled by the judgment which has been rendered, and in which this court followed the decisions of the highest court of South Carolina, in Copes v. City of Charleston, 10 Rich. Law, 491, and Gage v. Charleston, 3 Rich. (N. S.) 491.

The supreme court of the United States, at its last term, in Loan Company v. Topeka, 20 Wall. [87 U. S.] 660, held that the power to contract a debt by issuing municipal bonds, or what is the same thing, municipal stock, carried with it, by necessary implication, the power to provide for the payment or redemption thereof by the levy and collection of a tax, unless the contrary expressly appeared. The language of the court is, that "it is to be inferred that when the legislature of a state authorizes a county or city to contract a debt by bond, it intends to authorize it to levy such taxes as are necessary to pay the debt, unless there is in the act itself, or in some general statute, a limitation upon the power of taxation which repels such an inference." To the same effect are Madison County Court v. Alexander, Walk. (Miss.) 526; Lowell v. City of Boston, 111 Mass. 460; Armstrong v. Perkins, 43 Pa. St. 403, and Armstrong v. Allegheny Co., 37 Pa. St. 290. In the last case the objection was, as in this, that there was no authority to levy a tax, but the court said, "The authority to create the debt implies an obligation to pay it, and when no special mode of doing so is provided, it is also implied that it is to be done in the ordinary way—by levy and collection of taxes."

The city of Charleston has, by its charter, granted as early as 1783, "full power and authority to make such assessments on the inhabitants of Charleston, or those who hold taxable property within the same, for the safety, convenience, benefit, and advantage of said city, as shall appear to them prudent." Art. 9, sec. 8, of the present constitution of the state, adopted in 1868, provides that "the corporate authorities of * * * cities * * * may be vested with power to assess and collect taxes for corporate purposes; such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same. And the general assembly shall require that all the property, except that heretofore exempt-

ed, within the limits of municipal corporations, shall be taxed for the payment of debts contracted under the authority of law." Chapter 14, Rev. St., provides:

"Section 1. That all municipal corporations created under or by the laws of this state, and vested with power to lay and collect taxes, are authorized and required to assess all property, real and personal, within their corporate limits, at its actual value, and lay all taxes thereon at a uniform and equal rate.

"Sec. 2. That all property, and no other, exempted from taxation by section 6 of chapter 12, shall be exempted from taxation by municipal corporations."

Thus it will be seen that there is no legislative limit upon the amount of money that may be raised by taxation in the city. Ample power is given to levy and collect all that may be necessary to discharge the corporate obligations. And as the general assembly has provided that all property, except that exempted by law, shall be taxed at a uniform and equal rate for all purposes, the constitutional requirements of uniformity and the taxation of all property within the corporate limits for the payment of debts have been complied with. The new constitution did not make additional legislation necessary to authorize a tax to pay a lawful debt. That power has existed since 1783. All it did require was, that provision should be made for placing the tax, when levied, uniformly and with equality upon all the property in the city. This has been done by the Revised Statutes.

We have, then, a case where the duty of the city to pay has been established by a judgment of this court, and where that duty can only be performed by the exercise of the power of taxation which the city possesses. Upon demand made the city has refused to make the payment, and has also refused to levy and collect the necessary tax. We are, therefore, called upon to determine whether this court has the power by its writ of mandamus to enforce the performance of this duty, and thus give effect to its judgment. It is not denied that this power exists where the legislative authority to contract the debt is accompanied by a provision for the levy and collection of a specific tax for its payment. The supreme court of the United States has many times so decided. Knox County v. Aspinwall, 24 How. [65 U. S.] 376; Van Hoffman v. Quincy, 4 Wall. [71 U. S.] 535; Benbow v. Iowa City, 7 Wall. [74 U. S.] 313; Riggs v. Johnson Co., 6 Wall. [73 U. S.] 166; U. S. v. Keokuk, Id. 514; Supervisors v. Durant, 9 Wall. [76 U. S.] 415; Mayor v. Lord, Id. 409. The same court also held, in Supervisors v. U. S., 4 Wall. [71 U. S.] 435, that the writ could issue in cases where the power to tax was not specially conferred by the act authorizing the contract, but by an independent statute subsequently passed, in the following words: "The board of su-

pervisors, under township organization, in such counties as may be owing debts which the current revenue, under existing laws, is not sufficient to pay, may, if deemed advisable, levy a special tax, not to exceed in any one year one per cent., upon the taxable property in any such county," to be collected and kept as a separate fund and expended in liquidation of such indebtedness. So, too, in Galena v. Amy, 5 Wall. [72 U. S.] 705, the writ was sustained, where the only specific authority for the tax was contained in the act incorporating the city, in force at the time the debt was contracted, and which provided that the city council might, if they believed the public good and the best interests of the city required it, levy and collect an annual tax, not exceeding one per cent. on a dollar, on the assessed value of all estate taxable in the city, in addition to all other taxes, the fund to be kept separate, and annually, on the 1st of January, paid over pro rata, upon the funded indebtedness of the city. In all these cases particular taxes had been provided for to enable the corporate authorities to meet specific obligations. The taxes did not create the obligation. They only furnished the means by which it was to be met. The special provision for this levy and collection served to restrict, rather than enlarge, the corporate power of taxation for the payment of debts. As has been seen, the authority to contract a debt carries with it the power to provide the means of payment by taxation, if necessary. If the power to make a contract is accompanied by a provision for special taxation to meet its obligations when made, such taxation may, under some circumstances, exclude all other. But in the absence of any such restrictive provision, the general power of corporate taxation may, as a rule, be invoked.

In the present case there is no restriction. The obligation to pay exists, and the power to tax for its discharge is included in the general power to tax for all corporate purposes. There is no legal necessity for a separation of funds. All moneys necessary to meet all obligations may be collected by one general tax and placed in one common fund. But while this power for a general levy exists there is no prohibition against more specific levies. The city is, in express terms, authorized to make any and all regulations it may deem "requisite and necessary for its security, welfare, and convenience," and there seems to be no good reason why, if deemed necessary by the corporate authorities, taxation may not be classified, and one fund raised for poor purposes, another for the support of schools, another to pay the expenses of the police, another for the payment of corporate debts, and so on to any extent that may be convenient or desirable. All this is left to the discretion of those who have, for the time being, the official control of the city government. It is the special duty of the city to raise money by taxation and apply it, when raised, to the payment of this judgment. It is not a matter of any importance to this relator whether it is raised by general or specific tax, if it be in fact raised and applied. If, therefore, upon the rule to show cause in this case, the city had returned that it had included this judgment in its estimates for current taxation, and, in good faith, either had levied, or at the proper time would levy, a tax sufficient in the aggregate to meet this, with its other accruing and maturing obligations, such a return, if accompanied by assurances of a readiness and willingness to pay when the collection should be made, might have been accepted as showing sufficient cause why the writ asked for ought not now to issue. But this has not been done. On the contrary, the city, having refused to levy a tax in any form for the payment of the judgment, insists that it is not in the power of the court to compel it to do so. This presents the issue.

One of the offices of a writ of mandamus is to compel municipal corporations to perform their plain and positive duties. It may issue upon the application of one who has a clear right to require the performance of such a duty, if he has no other adequate remedy. There must exist both the right and the corresponding duty. Here, as we have seen, the relator has the right to require the levy and collection of a tax to provide the means for the payment of his judgment, and it is the duty of the city to do what he requires. Unless it is done he is without remedy for the collection of his debt. Therefore, a writ may lawfully issue to enforce the right by requiring the performance of the duty. This gives the relator the right to a writ requiring a tax to be levied which shall include provision for the payment of his judgment. It only remains to consider whether he is entitled to have so much of the tax as is intended for his benefit separated from the general levy and set apart for his exclusive use. We cannot create new rights in favor of the relator, or confer new powers upon the city, but we can require the city to make use of any existing power it possesses adapted to the end to be accomplished. If it is not already in the power of the city to make a separate levy to pay this judgment we cannot require it to be done. But if it is we can. We have already shown, as we think, that the city has the power. Consequently it is proper that a writ should issue requiring the separation to be made, in order that we may enforce the further order we are asked to make directing the application of the money, when collected, to the payment of the judgment.

The prayer of the petition is granted.